ON APPLICATION FOR REHEARING
|, ARMSTRONG, J.
We have carefully considered the arguments presented by the appellant in his application for rehearing and supporting brief. We understand the appellant’s argument with respect to the necessity for the forms at issue to make available the three Tugivell options. However, we believe that, when reviewed under the relatively lenient standard mandated by the Supreme Court’s more recent Daigle v. Authement, 96-1662 (La. 4/8/97), 691 So.2d 1213 decision, which we are bound to follow, the forms at issue are legally adequate although, perhaps, less than ideal.
We also note that the lengthy, detailed forms in the present case are far better than the one-sentence uninformative form at issue in the First Circuit’s Soileau decision. Wé also believe that the forms at issue in the present case are better than the form at issue in our Lefeaux decision. In Lefeaux, we applied the Supreme Gouxi’s Daigle v. Authement, 96-1662 (La. 4/8/97), 691 So.2d 1213 standard and found the form at issue legally adequate. Of course, we are bound to follow our Lefeaux decision.
Further, we do not disagree with the appellant’s statement that “a reasonable person, when confronted with the Gray [UM] rejection forms and advised that ^uninsured motorist coverage has been written into the insurance contract for the life of the policy at no additional cost to him, would in all likelihood elect not to sign the rejection forms” (emphasis added). But, if, as appears to be the case with the Gray insurance policies at issue, the insured can obtain a lower premium, or avoid an increased premium, by rejecting UM coverage, then the insured might reasonably elect to reject UM coverage. This is particularly true in the case of insurance purchased by an employer, such as New-park/SOLOCO in the present case, because the UM coverage would have to be paid for by the employer but would benefit only the employees and other occupants of the employer’s vehicles rather than benefiting the employer itself.
Under binding legal precedents, the petition for rehearing is denied.

REHEARING DENIED.